UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 10-20821-CR-SEITZ

UNITED STATES OF AMERICA,
       Plaintiff,

v.

JOSE LORENZO,
       Defendant.
_____/

## REPORT AND RECOMMENDATION

On or about October 24, 2011, court-appointed defense counsel Ana Davide ("Counsel") submitted a voucher application numbered FLS 11 2878 with appended time sheets requesting $25,242.43 as final payment for attorney's fees and costs pursuant to the Criminal Justice Act (the "CJA"). Counsel also supplied time sheets and a letter dated October 31, 2011 in support of his voucher application. Counsel represented Defendant Jose Lorenzo ("Defendant") for nearly eight months from January 27, 2011 until September 15, 2011.

Counsel seeks $25,242.43 in her application, an amount which exceeds the $9,700.00 statutory maximum allowed for representation in non-capital felony cases under the CJA. As a result, United States District Court Judge Patricia A. Seitz entered an Order of Reference **[DE # 87]** referring the voucher application to the undersigned for a Report and Recommendation as to whether the fees requested by Counsel are appropriate. *See* 28 U.S.C. § 636(a); *see also* United States District Court for the Southern District of Florida Magistrate Judge Rules.

**Criminal Justice Act and Guidelines for Administering
the Criminal Justice Act**

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. *See In re Burger,* 498 U.S. 233, 234, 111 S.Ct. 628 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." *See* Section §630.20 of the Guidelines.

The CJA at 18 U.S.C. §3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" CJA appointed counsel compensation, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. §3006A(d)(5); *U.S. v. Griggs,* 240 F.3d 974 (11th Cir. 2001). In order for the recommended fee amount to exceed the statutory maximum, however, the district court *must* first certify that the case involves "complex" or "extended" representation. 18 U.S.C. §3006A(d)(3). Second, the district court must conclude that the amount is necessary to provide Counsel with fair compensation.

A case may be considered "complex" if the legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case. *See* Section §230.23.40(b) of the Guidelines. A case may be considered "extended" if more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings. *Id.*

## DISCUSSION

### Counsel's Representation in This Case Was Complex

Under the Guidelines, in order to approve compensation in an amount in excess of the statutory maximum, I must first find that the representation was either complex or extended. Counsel's representation of Defendant was complex.

First, the very nature and facts involved in this case required Counsel to expend more time, skill and effort than normally required in the average case. This case originally commenced in November 2010 when the grand jury returned an Indictment **[DE # 1]** charging Defendant with one count of conspiracy to smuggle aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), nineteen counts of encouraging and inducing aliens to enter and reside in the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv) and nineteen counts of alien smuggling in violation of 8 U.S.C. § 1324(a)(2)(B)(ii). Defendant faced a potential term of ten years imprisonment on the conspiracy charge, five years imprisonment on each of the encouraging and inducing aliens charges and fifteen years imprisonment on each of the alien smuggling charges.

Second, the discovery in this case was extensive. The government "turned over numerous phone calls made by Defendant Lorenzo's alleged co-conspirators, Nicolay Ponce and Adalberto Perez, while in Federal custody (CD's containing 101 calls and 58 calls, respectively). The calls discussed, among various other issues, the prior relationships of the parties and the co-conspirator's plans with regard to Defendant Lorenzo. Counsel requested and received fees to transcribe the abovementioned calls, generating hundreds of pages of documents requiring . . . review." (Letter at 2).

-3-

Third, although Defendant eventually entered a plea of guilty, this matter only settled on the eve of trial. Counsel prepared Jury Instructions and various motions to exclude certain evidence at trial. Consequently, Counsel was required to expend a larger number of hours than normally generated in the average case which results in a guilty plea.

Fourth, Counsel expended a significant amount of time performing legal research in this matter because "several unique [legal] issues arose as to whether the Court could and should sentence Defendant Lorenzo to a concurrent period of incarceration pursuant to United States Sentencing Guidelines § 5G1.3. Undersigned counsel prepared an extensive memorandum addressing this issue. Following sentencing, an additional issue arose with regard to the Court's post-sentencing modification of the structure of the sentence imposed. Counsel submitted additional materials addressing the application of Federal Rule of Criminal Procedure 35." (Letter at 2).

Defendant entered a guilty plea to Counts 37, 38 and 39. **[See DE # 68]**. He was sentenced to sixty months in prison for each of the three counts, with the terms to run concurrently. **[See DE # 68]**.

It is clear from the record that the legal and factual issues in this case were unusual and the representation Counsel provided was made more complex as a result. I, therefore, conclude that this matter required the expenditure of more time, skill and effort by Counsel than would normally be required in an average case. As I have concluded that this matter was complex, I must review the voucher to determine the appropriate amount for which Counsel should be compensated in excess of the $9,700.00 statutory maximum.

### *Voucher Amount - Administrator's Review*

The Court's CJA administrator first reviewed the voucher for compliance with the Guidelines and mathematical accuracy prior to my review. Counsel requested compensation for 10.2 in-court hours and 190.4 out-of-court hours.

Regarding the out-of-court hours listed in the voucher, Counsel sought compensation for: 64.3 hours for "Interviews and Conferences", 97.7 hours for "Obtaining and reviewing records" and 28.4 hours for "Legal research and brief writing."

Counsel sought $50.00 in "Travel Expenses". Counsel also sought $117.43 in "Other Expenses." The total amount listed by Counsel in the voucher was $25,242.43. The CJA administrator made no adjustments to either the number of hours or the amount of attorney's fees listed by Counsel in the voucher.

### In-Court Hours[1]

Counsel sought 10.2 in-court hours totaling $1,275.00. I approve the amount of $1,275.00 as reasonable.

### Out-of-Court Hours

Counsel also sought compensation for a total of 190.4 out-of-court hours, totaling $23,800.00. Although the vast majority of Counsel's time entries are appropriate, Counsel included some entries that were not sufficiently specific for the undersigned to determine the purpose of the entries. To that end, I contacted Counsel to discuss the troublesome entries. Although Counsel willingly clarified many of the entries which caused concern, there

---

[1]

The undersigned defers to the Court Clerk to verify all in-court time and expense allowances.

are a few troublesome entries which remain.  Specifically, I recommend that the time listed

for the following entries be reduced or eliminated:

| | | | |
|---|---|---|---|
| 4/15/11 | Review of order granting costs $2400.00[2] | 0.4 hours | [reduce to 0.1 hour] |
| 4/15/11 | Review of order denying Motion to Continue[3] | 0.2 hours | [reduce to 0.1 hour] |
| 5/27/11 | Review of Writ of Habeas Corpus-Ponce/Ramirez (2x)[4] | 0.4 hours | [reduce to 0.2 hours] |
| 6/1/11 | Review of order changing plea[5] | 0.2 hours | [reduce to 0.1 hour] |
| 8/31/11 | Review writ of habeas corpus on defendant[6] | 0.3 hours | [reduce to 0.1 hour] |
| 9/1/11 | Review of order canceling hearing[7] | 0.3 hours | [reduce to 0.1 hour] |

---

[2]

This entry should be reduced because the order was only two lines long.  Counsel should not have incurred 0.3 hours reviewing such a short order.

[3]

This entry should be reduced because the order was only one line long.  Counsel should not have incurred 0.2 hours reviewing such a short order.

[4]

This entry should be reduced because the writs were only one page long.  Counsel should not have incurred 0.4 hours reviewing both writs.

[5]

This entry should be reduced because this *endorsed* order was only six lines long.  Counsel should not have incurred 0.2 hours reviewing such a short order.

[6]

This entry should be reduced because this writ was only one page long and was identical to the other writs that Counsel previously reviewed.  Counsel should not have incurred 0.3 hours reviewing this writ.

[7]

This entry should be reduced because this order was only four lines long.  Counsel should not have incurred 0.3 hours reviewing this order.

| 9/9/11 | Review of Notice of Appeal Pro Se[8] | 0.2 hours<br>[reduce to 0.1 hour] |
|---|---|---|
| 4/3/11 | Prepare Motion for Costs and Transcription[9] | 0.9 hours<br>[reduce to 0.5 hours] |
| 4/15/11 | Amended Motion to Continue Trial[10] | 0.5 hours<br>[Eliminate] |
| 5/16/11 | Prepare motion for continuance[11] | 0.4 hours<br>[reduce to 0.2 hours] |
| 7/27/11 | Prepare motion extension of time[12] | 0.4 hours<br>[reduce to 0.2 hours] |

I recommend that the above entries be reduced because the time spent on each entry was excessive. Combined, the reductions listed above amount to a total of $300.00 (2.4 hours at the rate of $125.00/hour).

Counsel also included several entries with respect to time spent with Defendant's family that are also not compensable:

---

[8]
This entry should be reduced because this order was only one page long. Counsel should not have incurred 0.2 hours reviewing this order.

[9]
This entry should be reduced because this simple motion was only two pages long. Counsel should not have incurred 0.9 hours drafting this motion.

[10]
This entry should be reduced because this simple motion was only two pages long and it was virtually identical to the Motion to Continue Trial Counsel previously filed. Counsel should not have incurred 0.5 hours drafting this motion.

[11]
This entry should be reduced because this simple motion was only one page and a half long. Counsel should not have incurred 0.4 hours drafting this motion.

[12]
This entry should be reduced because this simple motion was only one page long. Counsel should not have incurred 0.4 hours drafting this motion.

| 3/6/11 | Conversation with defendant's family ref new date | 0.40 hours [Eliminate] |
| 5/17/11 | Conversation with defendant's family ref hearing | 0.40 hours [Eliminate] |
| 5/18/11 | Meeting defendant's family after court hearing | 0.8 hours [Eliminate] |
| 5/28/11 | Email defendant's daughter | 0.2 hours [Eliminate] |
| 6/3/11 | Conversation with defendant's family | 0.5 hours [Eliminate] |
| 8/19/11 | Meeting with defendant's family after sentencing ref judge's decision | 0.8 hours [Eliminate] |
| 8/22/11 | Conversation with defendant's family ref new hearing | 0.5 hours [Eliminate] |
| 8/31/11 | Conversation with defendant's family ref hearing | 0.4 hours [Eliminate] |
| 9/1/11 | Conversation with defendant's family ref judge's order | 0.4 hours [Eliminate] |

I recommend that the above entries be eliminated because the Supplemental Instructions For Completing CJA 20 Form supplied by the United States District Court explain that "[s]ervices of a personal nature, such as assisting the defendant in the disposition of his/her personal property, or providing legal assistance in matters unrelated to the litigation of the case even though incidental to the defendant's arrest, are not compensable." The time spent meeting and conversing with Defendant's family members to keep them informed about developments in the case is "hand holding" that is not compensable under the CJA because it is not time which contributed to Defendant's

defense. The total reduction for the entries listed above is $550.00.

I find, however, that the remaining out-of-court hours listed in the voucher application are appropriate. Factoring in my deductions, I recommend that Counsel should be paid $22,950.00 for her out-of-court hours.

In making this recommendation, I have been mindful that when considering awards to Counsel under the CJA, courts have long recognized that there is an inherent tension between the policies underlying the CJA: "[o]n the one hand, representing indigent defendants is a form of public service; thus, the [CJA] was never intended to provide full compensation for an attorney's services or to provide fees equal to those charged in private practice. . . . On the other hand, the Act was also intended to provide indigent defendants with meaningful representation by competent counsel". *United States v. Mukhtaar,* 2008 WL 2151798, at * 2 (S.D. N.Y. May 21, 2008) (citations omitted). As other courts have explained, the CJA "was intended to partially alleviate the financial burden associated with provision of these services which had been traditionally provided pro bono. The spirit of the statute is lost once the CJA representation of indigent defendants loses its essentially pro bono nature." *United States v. Diaz*, 802 F.Supp. 304, 307 (C.D. Cal. 1992) (quoting *United States v. Carnevale*, 624 F.Supp. 381, 383 (D. R.I. 1985)). In considering these principles with respect to the instant case, I conclude that an award of $22,950.00 for out-of-court hours, is fair, although admittedly not full compensation for Counsel's services.

### Expenses

Counsel sought $50.00 in "Travel Expenses." I hereby recommend approval of this amount. Counsel also sought $117.43 in "Other Expenses." I further recommend payment of the amount of $117.43 as requested by Counsel.

### CONCLUSION

I commend Counsel for her professionalism and willingness to take this appointment; the undersigned is appreciative of her efforts. Notwithstanding this appreciation, as I have often quoted, when appropriate and in the spirit of the CJA: "What is commendable, however, is not necessarily compensable." *U.S. v. Smith,* 76 F.Supp.2d 767, 769 (S.D. Texas 1999). It is with this sentiment in mind that I recommend that some of the time incurred by Counsel be considered non-reimbursable.

To be clear, I am not making this recommendation for a lack of appreciation, rather, it is because the courts have the inherent obligation to ensure that claims for taxpayer provided monies are properly spent. Accordingly, I am constricted by the rules established in the Guidelines and in the Supplemental Instructions in awarding Counsel full compensation for all time incurred in this matter.

As I explained above, however, because the representation provided by Counsel to Defendant in this case was complex, I recommend that Counsel be reimbursed for an amount in excess of the statutory maximum of $9,700.00 in this case. Based upon my review of the time sheets, the Motion, the docket and filings in this case, I RECOMMEND that Counsel be paid $24,392.43 as fair and final compensation for her work in this case.

In accordance with 28 U.S.C. §636(b)(1), the parties shall have fourteen (14) days from receipt of this Report and Recommendation to serve and file any written objections with the Honorable Patricia A. Seitz, United States District Judge.

Signed this ___15___ day of December, 2011.

**PETER R. PALERMO**
**SR. UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:

      Ana Davide, Esq.
      Lucy Lara, CJA administrator

-11-